## HOOVER v. LACEY.
### Civ. A. No. 19639.

United States District Court
District of Columbia.
Aug. 3, 1943.

W. C. Sullivan, of Washington, D. C., for plaintiff.

Walter B. Guy and Frederic B. Warder, both of Washington, D. C., for defendant.

EICHER, Chief Justice.

The original complaint, for a $50,000 money judgment for personal services, filed herein on May 8, 1943, was in two counts: (1) upon an oral contract and (2) upon a quantum meruit.

Plaintiff, a member of the Bar of this Court, alleges that on or about June 25, 1930, he entered into a contract with the late Martha B. Parks and the late Isabella D. Frear, whereby he agreed to attend to their affairs, legal and personal, throughout the balance of their lives, without receiving any compensation therefor until the death of the survivor of the said ladies, with the understanding that he would, at the death of such survivor, receive as compensation for such services all of the property and estate owned by the survivor at the time of her death.

Plaintiff alleges that he did render such services to them until the death of Martha B. Parks on March 26, 1939 and thereafter to the said Isabella D. Frear until her death on May 3, 1941.

Martha B. Parks, by her Will devised and bequeathed all of her estate to Isabella D. Frear; and Isabella D. Frear, by her Will devised and bequeathed all of her estate to others than the plaintiff. Miss

Frear's estate at the time of her death was of the reasonable value of $50,000.

By the last Will of Martha B. Parks, Isabella D. Frear was named Executrix and as such received a bill from plaintiff in the amount of $2,000 for professional services rendered in probating the Will of Martha B. Parks and for preparing the Inheritance Tax Return on the estate of the said Martha B. Parks. Miss Frear paid this bill. Plaintiff claims that these services rendered Miss Frear, as Executrix of the estate of her sister, Mrs. Parks, were not within the scope of the services he agreed to perform for the two elderly ladies under the said contract of June 25, 1930, and are in no way connected with the contract in suit. This position is difficult, if not impossible, of comprehension.

Plaintiff incorporated as part of his complaint a copy of an agreement dated June 18, 1940 whereby plaintiff, John E. Hoover and his wife, Laura W. Hoover, in consideration of the payment of $1200 to John E. Hoover, jointly and severally released Isabella D. Frear, individually, and as Executrix of the Will of Martha B. Parks, "of and from any and all claims, demands, rights, or causes of action of any and every kind" * * * and * * * "any right to claim compensation for services rendered or alleged to have been rendered to Isabella D. Frear and/or Martha B. Parks" * * * "and it is likewise understood that the foregoing sum is accepted in full payment and satisfaction of all claims against any person or persons growing out of services alleged to have been rendered by" the Hoovers, or either of them.

Plaintiff further alleges that at the time of the execution of said release, he was in financial straits, which fact was known to Miss Frear, and that because the said consideration "was and is so grossly inadequate as to shock the conscience", said release or agreement is null and void and of no force or effect.

Notwithstanding the fact that Miss Frear died on May 3, 1941 it was not until more than a year later (June 19, 1942) that plaintiff's counsel, on behalf of Mr. and Mrs. Hoover tendered the return of the $1200 conditioned upon cancellation of the said agreement or release.

Plaintiff further alleges that on July 3, 1942, he duly probated his claim against the estate of Miss Frear, copy of which is attached to and made a part of his complaint. In this proof of claim, sworn to by the plaintiff, he stated that neither he nor anyone on his behalf had received any part of the money stated to be due or any security or satisfaction therefor. No mention was made therein of the payment of $2,000 or the $1200, to which reference is made above. This claim was rejected by the Executor of the Estate of Miss Frear and plaintiff then instituted this action just two days before the expiration of the statutory nine month period.

Defendant filed a motion to strike portions of the complaint; to dismiss the action, and, for summary judgment. Following a hearing on these motions, plaintiff amended his complaint praying that "the alleged agreement of the 18th day of June 1940 be cancelled, set aside and for naught held". In doing so, however, plaintiff claimed that his action was unnecessary since "the suit is one at law and the filing of the amendment does not operate to convert the suit from one at law to one in equity."

Plaintiff now seeks leave to file a supplemental and amended complaint.

### Conclusions

A careful comparison of the proposed second amended complaint with the original complaint and the first amendment, indicates that the only real differences are as follows:

1. Plaintiff proposes to abandon his prayer for cancellation of the release of June 18, 1940 as incorporated in his first amended complaint.

2. Plaintiff proposes to amend by claiming that he performed all of the services, legal and personal, requested by Miss Frear from the time of Mrs. Parks' death until Miss Frear's death.

3. Plaintiff proposes to incorporate in his complaint a copy of an amended claim in the probate proceedings, which he intends to file, and which sets forth the payments of $1200 and $2000.

In the Points and Authorities filed by counsel for plaintiff under date of July 21, 1943, it is stated: "The amendment now proposed is not at all necessary but is offered for the same reason as above stated, as a matter of meeting all objections, however frivolous they may be." ˙ Plaintiff's counsel further states in the same Points and Authorities, "the claim as probated is strictly accurate and correct. We have at no time departed from this position, but we repeat we have, out of an abundance of caution, acted as any lawyer would do, undertaking to meet objections by amendment regardless of their merit or frivolity."

In view of the above, the motion of plaintiff for leave to file a second amended complaint should be denied, for he himself says it is unnecessary. Also, plaintiff's motion to amend and file exhibits is denied.

With respect to defendant's motion for Summary Judgment, it is felt that this should be granted for the following reasons:

Plaintiff's complaint fails to state a cause of action. He bases his complaint on two counts; first, the oral contract and, second, quantum meruit.

As far as the first count is concerned, plaintiff himself breached the contract of employment by accepting the payments of $2000 and $1200 when he had agreed to work without compensation during the lifetime of these two ladies.

As to the second count, plaintiff and his wife executed a perfectly valid and binding release in consideration of the payment of $1200.

In seeking cancellation of the release, plaintiff pleads gross inadequacy of consideration and fraud. Presumably his allegation of fraud is based on his statement that at the time he executed this release he was in financial straits and that this was known to Miss Frear. Rule 9(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provide that averments of fraud shall be stated with particularity as to the circumstances surrounding the charge of fraud. This plaintiff has failed to do. On the contrary, plaintiff is a member of the Bar of this Court and Miss Frear was an elderly lady. If any disparity existed between the parties to this agreement, it was in favor of plaintiff. He was familiar with the size of the estate of both Mrs. Parks and Miss Frear, having filed the inventory in the Estate of Mrs. Parks and having accompanied Miss Frear to her safe deposit box on many occasions when coupons were clipped from her securities.

The following succinct statement is found in 4 Ruling Case Law 500–1–3:

"Courts of equity as well as courts of law must act on the ground that every person, who is not under some legal disability, may dispose of his property in such manner and on such terms as he sees fit; and whether his bargains are discreet or not, profitable or unprofitable, are considerations, not for courts of justice, but for the party himself. * * * Should courts undertake, because of improvidence, to set aside contracts which are lawful, they would invade personal rights and disturb and destroy the safety of business transactions. When parties have made lawful contracts in language leaving no doubt as to the intention, there is no ground for any interference by the Courts, but the contract must be enforced as written."

Surely it cannot be said that plaintiff was under any legal disability, and just as surely there can be no doubt as to the intention of the parties as set forth in the release dated June 18, 1940. Although the release constitutes an affirmative defense that is pleaded in the complaint, it may be successfully attacked by motion to dismiss under Rule 12(b) (6). See discussion by Professor Claude H. Brown, 3 F.R.D., page 148. A fortiori, the defendant is entitled to the granting of his motion for summary judgment.

Counsel for defendant will submit appropriate order.